UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVONNE FROST,<br><br>      Plaintiff,<br><br>-against-<br><br>MIKE PENCE; US FEDERAL GOVERNMENT; HEALTH AND HUMAN SERVICES; CENTER FOR DISEASE CONTROL; US CONGRESS,<br><br>      Defendants. | 20-CV-2261 (CM)<br><br>ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651 |

COLLEEN McMAHON, Chief United States District Judge:

  By order dated November 7, 2019, the Court barred Plaintiff from filing any new civil action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Because Plaintiff continued to file scores of new frivolous actions after the bar order, the Court imposed additional filing restrictions on Plaintiff. *See Frost v. NYPD*, ECF 1:20-CV-0417, 5 (S.D.N.Y. Feb. 14, 2020) (requiring Plaintiff to submit with any new complaint a motion for leave to file; a copy of the February 14, 2020 order; the filing fees or IFP application; and a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules).

  On March 10, 2020, Plaintiff filed this new complaint. As she submitted the requisite documents, the matter was opened and assigned a new civil case number. But after reviewing Plaintiff's motion for leave to file, accompanying declaration, and proposed complaint, the Court concludes that this action does not represent a departure from Plaintiff's pattern of vexatious and nonmeritorious filings. Plaintiff fails to assert any facts suggesting that she has a plausible claim

for relief. Because Plaintiff has failed to show good cause why she should be permitted to file this new action, the Court denies her leave to file this action. The Court directs the Clerk of Court to close this action.

Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions and monetary penalties.

## CONCLUSION

The Clerk of Court is directed to note service on the docket. Plaintiff has consented to receive electronic service of Court filings. (ECF No. 4.)

The Court denies Plaintiff's request to proceed IFP and her request for leave to file this new civil action. (ECF Nos. 1-3.) The order barring Plaintiff from filing any new civil actions in this Court IFP without first seeking permission of the Court remains in effect. Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions and monetary penalties.

The Clerk of Court is directed to close this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 18, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge